# FARM SERVICE ELEVATOR COMPANY v. COUNTY OF KANDIYOHI.

221 N. W. 2d 713.

August 23, 1974—No. 44040.

*Johnson, Schmidt, Thompson, Lindstrom & Thompson, Henry W. Schmidt,* and *John Mack,* for appellant.

*Warren Spannaus,* Attorney General, and *Robert M. A. Johnson,* Special Assistant Attorney General, for respondent.

Heard before Todd, MacLaughlin, and Scott, JJ., and considered and decided by the court.

SCOTT, JUSTICE.

Action under Minn. St. 277.011 for relief from personal property taxes for 1969, payable in 1970. Petitioner, Farm Service Elevator Company, claimed that certain tools and machinery in its elevator were exempt from taxation pursuant to a timely election filed by petitioner under Minn. St. 1969, § 272.02(11)(b). On stipulated facts, the district court found that certain of the tools and machinery, accounting for $170.43 of petitioner's tax payment, were exempt from taxation. Upon petitioner's motion for amended findings, the district court vacated its order for entry of judgment and reopened the hearing. After further evidence had been presented, the district court concluded that certain additional items, for which $323.03 in taxes had been paid, were exempt from taxation. The total refund thus due amounted to $493.46. Judgment was ordered on March 15, 1972, and entered August 9, 1972. Petitioner appeals from this judgment. We affirm with modifications.

Petitioner, a Minnesota corporation, operates a grain elevator and feed production business upon land leased from Burlington-Northern, Inc. Petitioner owns all structures, inventories, fixtures, and personal property situated upon the railroad company's land. Ninety-nine percent of petitioner's sales is comprised of the sale of turkey feed made from grain purchased from local farmers and then combined with other ingredients in an operation carried on in four connected buildings in the city of Willmar. The disputed property is located within these buildings. The items of property can best be described as a distribution system consisting of elevator legs, augers, conveyor belts, and screws, all aiding in the production of feed.

The tools and machinery for which petitioner claims exemption fall into two categories:

1.    Tools and machinery which are affixed or annexed to the basic elevator structures and valued by petitioner at $80,580.87; and

2. portable tools and machinery valued by petitioner at $9,557.24.

For the purposes of this appeal, respondent concedes that the items of a portable nature in category 2 should be entitled to an exemption. Petitioner is willing to concede, for the purposes of this appeal, that the items in category 1, under the holding of Abex Corp. v. Commissioner of Taxation, 295 Minn. 445, 207 N. W. 2d 37 (1973), would not be entitled to an exemption under Minn. St. 1969, § 272.02(11)(b),[1] if the assets were in a building located on land owned by the taxpayer.

The statutes upon which petitioner relies are Minn. St. 273.32 and 272.03, subd. 2. Minn. St. 273.32 provides:

"All elevators and warehouses, with the machinery and fixtures therein, situated upon the land of any railroad company, which are not in good faith owned, operated, and exclusively controlled by such company, *shall be listed and assessed as personal property* in the town or district where situated, in the name of the owner, if known, and, if not known, as 'owner unknown.'" (Italics supplied.)

Minn. St. 272.03, subd. 2, provides in part:

"* * * '[P]ersonal property' includes:
* * * * *

---

[1] Minn. St. 1969, § 272.02(11)(b), was enacted by Ex. Sess. L. 1967, c. 32, art. IV, § 2. The pertinent part of this statute provides:

"All property described in this section to the extent herein limited shall be exempt from taxation;
* * * * *

"(11) The taxpayer shall elect whether to be exempted with respect to category (a) or (b) as hereinafter defined.
* * * * *

"(b) Tools and machinery which by law is considered as personal property used or usable in construction of buildings or highways or in the manufacture, processing, production, sale or distribution of marketable products including but not limited to goods, wares and merchandise and processing of food and fiber." (This statute was amended in 1971.)

"(3) *All improvements* upon land the fee of which is vested in the United States, and all improvements upon land the title to which is vested in any corporation whose property is not subject to the same mode and rule of taxation as other property." (Italics supplied.)

Respondent contends that Minn. St. 273.32 does not transform that which is clearly real property under standards set forth in the Abex case into personal property. Rather, respondent states that the language of this statute, that such property "shall be listed and assessed as personal property," supports this contention. A logical premise for a reconciliation of these two apparently conflicting statutes is that inasmuch as Minn. St. 272.03 was enacted at a later date, it must be read with the qualification of Minn. St. 273.32 that the property therein specified "shall be listed and assessed as personal property."

We hold that there is a clear legislative intent to tax this property. In other words, annexed tools and machinery are fixtures and therefore real property, and are non-exempt even though for special reasons of tax administration they may be treated as personal property. Our holding does not create a constitutional issue with regard to these statutes, since tools and machinery which are not fixtures are treated as personal property regardless of land ownership. To hold otherwise might create a constitutional problem of lack of uniformity.[2] Further, our ruling here is totally consistent with the holding of Abex Corp. v. Commissioner of Taxation, *supra*. Since the real property valued at $80,580.87 is not transformed by operation of Minn. St. 273.32 and 272.03 into personal property, petitioner may not elect to exempt that property from taxation pursuant to Minn. St. 1969, § 272.02(11)(b).

On stipulated facts, the district court found certain portable tools and machinery to be exempt, representing $170.43 of peti-

---

[2] Minn. Const. art. 9, § 1, provides in part: "Taxes shall be uniform upon the same class of subjects."

tioner's tax payment. After reopening this matter for further evidence, the district court found additional items for which $323.03 in taxes had been paid were exempt from taxation. Both parties agree that the district court incorrectly computed the refund due for the additional items. Upon proper computation, petitioner is entitled to a refund of $387.64, rather than that of $323.03 as found by the lower court. This would make the total refund $558.07, as opposed to the $493.46 awarded by the lower court. On this appeal, petitioner contends and respondent concedes that additional portable tools and machinery valued at $2,929.28 should qualify for tax-exempt status. We hold that petitioner is entitled to an additional refund of $171.32 computed on this value of $2,929.28. Therefore, the correct and total refund due petitioner with regard to the tax paid upon tax-exempt portable tools and machinery is $729.39.

Affirmed as modified.